IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMEENULLAH TOUKH, *et al.*, ) | |
| ) | |
| *Petitioners*, ) | |
| ) | |
| v. ) | Civ. No. 06-1687 (_H) |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | |
| ) | |
| *Respondents*. ) | |

## OPPOSITION TO RESPONDENTS' MOTION TO DISMISS

The motion to dismiss should be denied. The government argues that the case must be dismissed because the D.C. Circuit's decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), divested the Court of jurisdiction over this case. By moving to dismiss the case, the government also apparently seeks to dissolve the protective and injunctive orders entered by the Court in this case. This Court, however, lacks jurisdiction to dismiss this case because the D.C. Circuit has not issued the mandate. Moreover, even dismissal of this case would not result automatically in the dissolution of the protective and injunctive orders.

    1.    At present, the Court does not have jurisdiction over the merits of this case and cannot act on the government's motion to dismiss. As the government points out, the D.C. Circuit held in *Boumediene* that the federal courts no longer have jurisdiction over habeas cases filed by Guantanamo detainees. Gov't Mot. 2-3. This Court, however, has not regained jurisdiction over the merits of this case because the D.C. Circuit has not issued its mandate. *See United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997) ("The district court does not regain jurisdiction . . . until the court of appeals issues its mandate.") (citation omitted). Moreover, Ab-

1

dah and other detainees have moved the D.C. Circuit to stay the mandate and have petitioned the Supreme Court to rehear its denial of certiorari. The motion and petition are pending.

2. The government also apparently seeks to dissolve the protective and injunctive orders entered by the Court. In particular, the government argues that the "stay-and-abey" relief requested by other Guantanamo detainees – relief that contemplates the continued enforceability of the protective order imposing a counsel access regime, the orders requiring advance notice of intended transfers of detainees from Guantanamo, and other orders – would effectively impose "Court-ordered obligations where the Court has no jurisdiction to act." Gov't Mot. 7-8. According to the government, *Boumediene* requires dismissal of these cases, and "dismissal of these cases . . . would bring this Court's counsel access regime to an end." *Id.* at 10.

As just discussed, however, the Court lacks jurisdiction to dismiss the case because the D.C. Circuit has not issued the mandate. Accordingly, the orders entered by this Court, including those governing counsel access, remain in full force and effect. Moreover, contrary to the government's contention, dismissal of this case would not result automatically in the dissolution of the protective and injunctive orders. As this Court recognized in *Adem v. Bush*, 425 F. Supp. 2d 7, 20 (D.D.C. 2006), the "Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba," entered on November 8, 2004, like all protective orders directed to future events, survives dismissal of this case and may be modified, enforced, or dissolved only by separate order of the Court.[1] Indeed, this Court expressly "retain[ed] continuing jurisdiction to enforce or modify the terms of [the Amended Pro-

---

[1] *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140-41 (2d Cir. 2004); *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 535 (1st Cir. 1993); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *Pub. Citizen v. Liggett Group*, 858 F.2d 775, 780-82 (1st Cir. 1988); *Marshall v. Planz*, 347 F. Supp. 2d, 1198, 1201 (M.D. Ala. 2004); *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 499 (D. Md. 2000).

tective] Order." *In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174, 176 (D.D.C. 2004). For the same reason, orders directed to future events (such as the orders entered by the Court requiring advance notice of intended transfers from Guantanamo and preservation of government records and counsel papers) survive dismissal of this case and may be modified, enforced, or dissolved only by separate order of the Court.[2]

The government is aware of at least some of these precedents, but it interprets them to mean that only "certain requirements of this Court's Protective Order, *i.e.*, requirements pertaining to the handling of classified and 'protected' information appropriately, retain vitality beyond the required dismissal of these cases." Gov't Mot. 8-9 n.15. In other words, even though the government attacks the orders as imposing "Court-ordered obligations where the Court has no jurisdiction to act," the government contends that it is legitimate to continue enforcing those portions of the orders that the government likes (those that constrain the detainees' counsel), while it is not legitimate to continue enforcing those portions it does not like (those that constrain the government).

The government cites no authority, and Petitioners are aware of none, that supports such cherry-picking. *Cf. SRS Techs., Inc. v. Physitron, Inc.*, 216 F.R.D. 525, 526 (N.D. Ala. 2003) (rejecting plaintiff's assertion that, under protective order in effect after settlement of underlying lawsuit, plaintiff "should now be allowed virtually unrestricted access to and use of confidential documents produced by the Defendants, but that the protective order should remain in full force to protect Plaintiff's documents"). The cases cited above show that the protective and injunctive

---

[2] *See United States v. Swift & Co.*, 286 U.S. 106, 114 (1932); *Cobell v. Norton*, 392 F.3d 461, 467 (D.C. Cir. 2004); *Gilmore v. California*, 220 F. 3d 987, 1007 (9th Cir. 2000); *Dahlen v. Kramer Machine & Eng'g Prods. Co.*, 303 F.2d 293, 295 (10th Cir. 1961); *State Police for Automatic Ret. v. Difava*, 164 F. Supp. 2d 141, 156 (D. Mass. 2001); *EEOC v. Local 40, Int'l Ass'n of Bridge . . . Workers*, 855 F. Supp. 488, 491-92 (S.D. N.Y. 1994).

3

orders entered by the Court survive dismissal in their entirety, unless and until modified or dissolved by separate order of the Court.

Moreover, equitable principles dictate that the Court may not dissolve the protective and injunctive orders entered in this case without first holding an evidentiary hearing at which the government and Petitioners are heard. *See Hodge v. HUD*, 862 F.2d 859, 861 (11th Cir. 1989). The government, however, has not moved to dissolve the protective and injunctive orders entered in this case, and the Court has not held an evidentiary hearing. Were the government to file such a motion, it would bear the burden of showing why the orders, or portions of them, should be dissolved,[3] even where, as here, intervening legislation has been held to have affected the Court's jurisdiction, *see Miller v. French*, 530 U.S. 327, 345-48 (2000).

For these reasons, the Court should deny the government's motion to dismiss.

Respectfully submitted,

s/ *Randall T. Coyne*
Randall T. Coyne
UNIVERSITY OF OKLAHOMA
COLLEGE OF LAW
Andrew Coats Hall
300 Timberdell Road
Norman, OK 73019
(405) 325-4646 (tel)
(405) 325-0389 (fax)

---

[3] *See SRS Techs.*, 216 F.R.D. at 529-31; *Lee Shuknecht & Sons v. P. Vigneri & Sons, Inc.*, 927 F. Supp. 610, 614-16 (W.D.N.Y. 1996); *Grundberg v. Upjohn Co.*, 140 F.R.D. 459 (D. Utah 1991); *SEC v. Samuel H. Sloan & Co.*, Nos. 71 Civ. 2695 (RJW), 74 Civ. 5729 (RJW), 1991 WL 173730 (S.D.N.Y. Aug. 29, 1991).

        Larry D. Ottaway, OBA No. 6816
        FOLIART, HUFF, OTTAWAY & BOTTOM
        201 Robert S. Kerr Avenue, 12th Floor
        Oklahoma City, OK 73102
        (405) 232-4633 (tel)
        (405) 232-3462 (fax)

        Terry W. West, OBA No. 9496
        THE WEST LAW FIRM
        P.O. Box 698
        Shawnee, OK 74802-0698
        405-275-0040 (tel)
        405-275-0052 (fax)

        Counsel for Petitioner

May 3, 2007

## CERTIFICATE OF SERVICE

    I hereby certify that on May 3, 2007, I electronically submitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to all ECF registrants in this matter.

                                               *s/ Randall T. Coyne*